# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ATTORNEYS LIABILITY PROTECTION SOCIETY, INC., a Risk Retention Group,<br><br>                        Plaintiff,<br>      v.<br>INGALDSON & FITZGERALD, P.C.,<br><br>                        Defendant. | Case No. 3:11-cv-00187-SLG |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Ingaldson & Fitzgerald, P.C. (IF) filed a motion for partial summary judgment on May 9, 2012.[1] Plaintiff Attorneys Liability Protection Society, Inc. (ALPS) opposed on June 11, 2012.[2] On June 28, 2012, IF replied.[3] Oral argument was held in Anchorage on August 10, 2012. The Court requested supplemental briefing on October 4, 2012,[4] which the parties submitted on October 18, 2012.[5]

## FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to this motion are not disputed and are as follows:[6]

In its Complaint, ALPS describes itself as "an insurance company and risk retention group" organized and with its principal place of business in Montana.[7] IF is a

---

[1] Docket 30.

[2] Docket 35.

[3] Docket 39.

[4] Docket 50.

[5] Dockets 52, 53.

[6] ALPS disputes four areas of IF's factual recitation in its Opposition, but the disputed facts are not material to the issues presented in this motion. *See* Docket 35 at 3-4 (Opp.).

professional corporation organized and with its principal place of business in Alaska.[8] From April 29, 2007 to April 29, 2008, IF was covered by an attorneys' liability policy issued by ALPS (Policy).[9]

On October 22, 2008, an adversary proceeding was initiated against IF in the U.S. Bankruptcy Court for the District of Alaska (Underlying Suit) seeking recovery of a retainer that had been paid to IF.[10] IF notified ALPS of the Underlying Suit on October 28, 2008.[11] On October 31, 2008, ALPS accepted IF's tender of the defense in the Underlying Suit, but reserved "all rights."[12] IF then retained independent counsel, which ALPS paid for in full.

In 2011, summary judgment was rendered against IF in the Underlying Suit.[13] ALPS asserts that because the judgment in the Underlying Suit was entered on claims of restitution, disgorgement, and conversion, each of which is specifically excluded

---

[7] Docket 1 (Compl. ¶ 1).

[8] Docket 1 (Compl. ¶ 2); Docket 17 (Answer ¶ 2). Solely for the sake of simplicity, this Court uses "Ingaldson & Fitzgerald," or "IF," throughout this Order, although until September 2012, and during the relevant time period, IF was known as Ingaldson, Maassen & Fitzgerald, P.C. *See* Docket 59 (Mot. to Amend Caption) and attachments; Docket 60 (Order Granting Mot. to Amend Caption).

[9] Docket 1 (Compl. ¶ 37); Docket 17 (Answer ¶ 37).

[10] Docket 1 (Compl. ¶ 26) (referencing Case No. 08-90039); Docket 17 (Answer ¶ 26). An amended complaint was filed in that action on October 23, 2008. Docket 1 (Compl. ¶ 27); Docket 17 (Answer ¶ 27).

[11] Docket 1 (Compl. ¶ 45); Docket 17 (Answer ¶ 45).

[12] Docket 1 (Compl. ¶ 46); Docket 17 (Answer ¶ 46); Docket 30-1 (reservation of rights letter).

[13] Docket 1 (Compl. ¶ 34); Docket 17 (Answer ¶ 34).

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 2 of 13

under the Policy, all amounts awarded against IF in the Underlying Suit are outside the Policy's coverage.[14]

On September 23, 2011, ALPS initiated this action seeking (1) declaratory judgment that the Policy does not provide coverage for the Underlying Suit; (2) declaratory judgment that ALPS has no obligation to apply for, furnish, finance, or provide collateral for any appeal bond of the Underlying Suit; and (3) reimbursement of the costs that ALPS paid for IF's defense in the Underlying Suit.[15] As of the date the Complaint was filed, ALPS had paid all of the costs of IF's independent counsel in the Underlying Suit.[16]

In this current motion, IF seeks partial summary judgment on ALPS' third claim.[17]

## DISCUSSION

**I. Jurisdiction.**

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

**II. Summary Judgment Standard.**

In this diversity action, the Court applies federal law to procedural issues and Alaska law to substantive legal issues.

---

[14] Docket 1 (Compl. ¶¶ 49-53).

[15] Docket 1 (Compl. at 13).

[16] Docket 1 (Compl. ¶ 47); Docket 17 (Answer ¶ 47).

[17] Docket 30 (Mot.). ALPS filed a Motion for Summary Judgment on August 8, 2012, seeking a ruling on its claim that the Policy does not provide coverage for the Underlying Suit and awarding ALPS reimbursement of the cost of defense in that suit. Docket 43. That motion will be addressed by separate order.

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 3 of 13

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

### III. Analysis

ALPS argues that § 1.2.1 of the Policy gives it the right to obtain reimbursement from IF of the costs it paid for IF's independent counsel.[18] In relevant part, this section provides:

> For any **claim** covered under this policy, the **Company** shall have the right and the duty to defend such **claim** even if any or all of the allegations of the **claim** are groundless, false, or fraudulent. . . The Company shall not have a duty to defend or to pay such expenses as to any **claim** not covered under this policy, and shall have the right to seek reimbursement from any **Insured**, who shall promptly provide such reimbursement, for any amount paid by the **Company** in defending any such non-covered **claim**, including any amount **paid** in defending a non-covered **claim** that is asserted together with one or more covered claims.[19]

IF does not dispute that this section of the Policy provides a right to reimbursement. But it maintains that Alaska law, specifically AS 21.96.100(d), is at odds with this language and thus this section of the Policy is not enforceable.[20]

AS 21.96.100(d) provides in relevant part:

> In providing independent counsel, the insurer is not responsible for the fees and costs of defending an allegation for which coverage is properly denied and shall be responsible only for the fees and costs

---

[18] Docket 35 at 11 (Opp.).

[19] Docket 45-1 at 11 (Ex. 1 to Taylor Decl.).

[20] Docket 30 at 2 (Mot.); Docket 39 at 4 (Reply). In its Motion, IF cites to AS 21.89.200, which has been renumbered and is now AS 21.96.100.

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 4 of 13

> to defend those allegations for which the insurer *either reserves its position as to coverage or accepts coverage.*[21]

IF argues that this "unequivocal statutory mandate" is a codification of the Alaska Supreme Court's decision in *CHI of Alaska, Inc. v. Employers Reinsurance Corp.*[22] and precludes ALPS from obtaining reimbursement for the cost of IF's independent counsel in the Underlying Suit.[23]

ALPS characterizes IF's construction of the statute as "tortured."[24] It argues that AS 21.96.100(d) only obligates an insurer to pay accruing defense costs, and does not make the insurer ultimately responsible for the cost of that defense when it pays under a reservation of rights and it is later determined that there is no coverage.[25] ALPS reasons that without coverage, there is no duty to defend.[26]

An insurer's duty toward the insured has two separate components: the duty to defend and the duty to indemnify (i.e., to pay the costs and judgments of the claim itself).[27] The duty to defend is broader than the duty to indemnify; the Alaska Supreme

---

[21] AS 21.96.100(d) (emphasis added).

[22] 844 P.2d 1113 (Alaska 1993).

[23] Docket 30 at 12 (Mot.).

[24] Docket 35 at 13 (Opp.).

[25] Docket 35 at 17-18 (Opp.).

[26] Docket 35 at 18 (Opp.).

[27] *State, Dep't of Transp. and Pub. Facilities v. State Farm Fire and Casualty Co.*, 939 P.2d 788, 792 (Alaska 1997).

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 5 of 13

Court has held that "[an] insurer may have an obligation to defend although it has no ultimate liability under the policy."[28]

In support of its position, ALPS cites to a prior decision of this federal court, *Unionamerica Insurance Co. Ltd. v. General Star Indemnity Co.*[29] That case arose after Bristol Environmental and Engineering Services Corp. (Bristol) had been named as a defendant in a separate action brought in the Alaska District Court by Remtech and Hartford Fire Insurance Company (*Remtech* suit). Bristol tendered its defense in the *Remtech* suit to General Star (GenStar), another insurance company, and then to Unionamerica. Both GenStar and Unionamerica accepted the tender, but each reserved its right to contest coverage and Unionamerica explicitly reserved the right to seek reimbursement of the cost of defense. GenStar paid Bristol's defense costs in *Remtech* as they accrued. Unionamerica then initiated a separate federal action (*Unionamerica* suit) seeking a declaratory judgment that it had no duty to defend or indemnify the parties in *Remtech*. The *Remtech* suit subsequently settled, but the settlement agreement did not resolve the allocation of Bristol's defense expenses in that litigation as between Unionamerica and GenStar. GenStar then sought to recover 50% of those costs from Unionamerica in the *Unionamerica* suit.

---

[28] *Id.*

[29] A01-0317-CV (HRH), 2005 WL 757386 (D. Alaska 2005). ALPS also cites several federal cases applying law from other jurisdictions that support its position that an insurer may seek reimbursement after reserving rights. Docket 35 at 20-21 (Opp.). ALPS identifies only two states which "out-of-hand reject the ability of an insurer to seek reimbursement." Docket 35 at 21. However, this line of argument is not persuasive in light of this Court's interpretation of AS 21.96.100.

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 6 of 13

The District Court first concluded that Bristol had no coverage under the Unionamerica policy and hence Unionamerica had no duty to indemnify.[30] Turning to the duty to defend, after acknowledging that the Alaska Supreme Court had not expressly addressed the issue, the court then predicted that the state's highest court would rule that an insurer "has a right to seek reimbursement of defense expenses paid under a reservation of that right if there was no coverage and hence no duty to defend."[31]

*Unionamerica* involved a dispute between two insurance companies, while here the Court is faced with a dispute between an insurance company and an insured. Thus, although the *Unionamerica* court framed the issue as a "right of reimbursement," GenStar was not seeking to recover its defense costs from Bristol. Rather, one insurance company was seeking to recover the insured's defense costs from another insurance company.

In *Unionamerica,* the District Court interpreted AS 21.89.100(d) (subsequently renumbered as AS 21.96.100(d)) to require an insurer to pay defense costs as they accrued, but not to prevent the insurer from later seeking reimbursement of those costs.[32] The decision, however, did not discuss *CHI of Alaska, Inc. v. Employers*

---

[30] 2005 WL 757386 at *4.

[31] *Id.* at *7-8.

[32] *Id.* at *4 (citing *Sauer v. Home Indemnity Co.*, 841 P.2d 176, (Alaska 1992)). In this regard, the District Court appears to have improperly equated the duty to defend with the duty to indemnify. *See State Farm*, 939 P.2d at 792.

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 7 of 13

*Reinsurance Corp.*,[33] the case which led to the statute's enactment.[34] In *CHI*, Oceanic Research Services (Oceanic) sued its insurer, CHI of Alaska, Inc. (CHI). CHI tendered the defense of the suit to its insurer, Employers Reinsurance Corporation (Employers). Employers accepted the tender, but reserved its right to disclaim coverage with regard to one of the claims asserted against CHI. CHI demanded independent counsel, arguing that Employers' reservation of rights created a conflict of interest. Employers proposed a joint counsel defense. On cross motions for summary judgment, the Superior Court held that the joint counsel plan adequately resolved any potential conflicts of interest.

On appeal, the Alaska Supreme Court reversed. The Court discussed and reaffirmed its prior decisions in *National Indemnity Co. v. Flesher* and *Continental Insurance Co. v. Bayless & Roberts, Inc.*[35] In *National Indemnity*, the Alaska Supreme Court had "recognized the right of the insured to independent counsel under circumstances involving a coverage defense," stating that "[i]n such circumstances, the insurer *must provide* the insured with independent counsel."[36] In *Continental*, the Court had noted that conflicts might be avoided "if the insurance company were to offer its insured the right to retain independent counsel to conduct his defense, and *agree to pay*

---

[33] 844 P.2d 1113 (Alaska 1993).

[34] *See* discussion, *infra* p. 9 and note 39.

[35] *Id.* at 1118-19 (referencing *Nat'l Indemnity*, 469 P.2d 360, 367 (Alaska 1970); *Cont'l*, 608 P.2d 281 (Alaska 1980)).

[36] *Id.* at 1117 (quoting *Nat'l Indemnity*, 469 P.2d at 367 n.22)) (emphasis added).

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 8 of 13

all the necessary costs of that defense."[37] The *CHI* decision also cited extensive case law from other jurisdictions that describes an insurer's duty to provide independent counsel as a duty to *pay* the costs of that counsel—not a duty to advance those costs.[38]

While *CHI* does not address the issue central to the present case head-on, there is a strong implication throughout *CHI*—and in the case law cited in the decision—that an insurer's obligation to provide independent counsel necessarily includes an obligation to pay for that counsel, without a right to reimbursement from the insured. This is in accord with the language of AS 21.96.100(d) that an insurer "shall be responsible" for the cost of defense after a reservation of rights. This accord is logical, as the legislative history of AS 21.96.100(d) makes it clear that the statute was enacted to codify the Alaska Supreme Court's ruling in CHI.[39]

During the 1997 session, attorney Michael Barcott testified to the House Judiciary Committee that independent counsel appointments often led to abuse; that

---

[37] *Id.* at 1118 (quoting *Cont'l*, 608 P.2d at 291 n.17.) (emphasis added).

[38] *Id.* at 1120 (string citation).

[39] *See* Minutes, *S. Labor and Commerce Comm. Meeting on S.B. 53 (Omnibus Insurance Reform)*, Mar. 2, 1995, 19th Leg. (Alaska 1995-96) (statement of Joan Brown, Administrative Officer, Division of Insurance, that provision sought to implement *CHI*); *Minutes, S. Judiciary Comm. Meeting on S.B. 53 (Omnibus Insurance Reform)*, Mar. 27, 1995, 19th Leg. (Alaska 1995-96) (same); *Minutes, H. Labor and Commerce Comm. Meeting on S.B. 53 (Omnibus Insurance Reform)*, May 5, 1995, 19th Leg. (Alaska 1995-96) (testimony of David Stebing, Assistant Attorney General, that "[t]he proposed legislation implements an Alaska Supreme Court decision from 1993, which is called CHI of Alaska v. Employers Reinsurance."); *Minutes, H. Judiciary Comm. Meeting on SSHB 58 (Civil Actions & Attorney Provided by Insurance Co.)*, Feb. 24, 1997, 20th Leg. (Alaska 1997-98) (testimony of Michael Barcott, attorney, that "those sections were necessary as a result of the Supreme Court Decision in CHI"); H.B. 58, 20th Leg., Reg. Sess. (Alaska 1997), 1997 Alaska Sess. Laws 26 (enacting provision).

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 9 of 13

"independent lawyers had no fiscal responsibility to anyone, and were working just to make the litigation expensive, which in turn makes the cost for the insurance carrier extraordinary."[40] This testimony initiated a discussion among the committee members that appears to have been predicated on the assumption that when independent counsel was appointed after a reservation of rights, the ultimate cost of that counsel—not merely the costs as they accrued—would be borne by the insurance company.[41]

ALPS also argues that even if AS 21.96.100(d) requires an insurer to cover the costs of defense after reserving its rights, the parties to the insurance agreement should be permitted to contract around that statutory requirement.[42] ALPS notes it is well-settled in Alaska that "[w]here the terms of [an insurance] policy are clear and unambiguous, [the courts] will, of course, give effect to the language."[43] IF responds that under Alaska law, insurance policies are considered "form contracts of adhesion, in which the insured ordinarily has no power to negotiate over terms."[44] ALPS responds that here, both parties to the Policy were highly sophisticated entities with expertise in the area of insurance.

AS 21.42.220 is dispositive on this issue, as it provides:

---

[40] Minutes, *H. Judiciary Comm. Meeting on SSHB 58 (Civil Actions & Attorney Provided by Insurance Co.)*, Feb. 24, 1997, 20th Leg. (Alaska 1997-98).

[41] *Id.*

[42] Docket 35 at 14 (Opp.).

[43] Docket 35 at 11 (Opp.) (citing *Werley v. United Servs. Auto. Ass'n*, 498 P.2d 112, 116 (Alaska 1972)).

[44] Docket 30 at 16 (Mot.).

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 10 of 13

> An insurance policy, rider, or endorsement issued and otherwise valid that contains a condition or provision not in compliance with the requirements of this title, is not thereby rendered invalid but shall be construed and applied in accordance with the conditions and provisions as would have applied had the policy, rider, or endorsement been in full compliance with this title.

This statute does not permit contractual avoidance of the requirements of Title 21. The Policy's reimbursement provision is not in compliance with the requirements of AS 21.96.100(d) and that provision is therefore unenforceable.

The parties have also addressed preemption in their motion briefing and at oral argument. After oral argument, the Court requested supplemental briefing on the applicability of the federal Liability Risk Retention Act (LRRA), 15 U.S.C. § 3901 *et seq.*, and any implications that Act may have for federal preemption of otherwise applicable Alaska law. The parties submitted thorough responses to the Court's request.[45] IF subsequently filed a Motion to Strike certain components of ALPS' response and a Request for Oral Argument.[46]

"A federal statute may preempt state law by express statement, by occupying a field, or by conflicting with state law."[47] Section 3902 of the LRRA provides that "a risk retention group is exempt from any State law, rule, regulation, or order" that seeks to regulate its operation, subject to a limited category of exceptions, thereby expressly preempting state law. Title 21 of the Alaska Statutes, which governs the insurance

---

[45] Dockets 52, 53.

[46] Dockets 54, 55.

[47] *Nat'l Warranty Ins. Co. RRG v. Greenfield*, 214 F.3d 1073, 1076 (9th Cir. 2000) (citing *Indus. Truck Ass'n, Inc. v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997)), *cert. denied*, 531 U.S. 1104 (2001).

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 11 of 13

industry in Alaska and applies to "[a]ll persons transacting a business of insurance in this state, or relative to a subject resident, located or to be performed in this state,"[48] recognizes this preemption. AS 21.03.010(c) provides that

> A person who transacts insurance in this state, or relative to a subject resident, located, or to be performed in this state as or on behalf of a risk retention group or purchasing group formed under and in compliance with 15 U.S.C. 3901-3906 (Liability Risk Retention Act), shall comply with the provisions of this title not preempted by federal law.

§ 3905(c) of the LRRA makes clear that the federal law is not intended to preclude a state from regulating the terms of RRG policies in the same manner as all other insurance policies in the state. This federal statute provides:

> The terms of any insurance policy provided by a risk retention group or purchased by a purchasing group shall not provide or be construed to provide insurance policy coverage prohibited generally by State statute or declared unlawful by the highest court of the State whose law applies to such policy.

Here, Alaska law prohibits the inclusion of a right to reimbursement in insurance policies in the state and does not allow ALPS to provide insurance policy coverage that contradicts this prohibition. Accordingly, preemption is inapplicable to this dispute. IF's Motion to Strike and Request for Oral Argument are denied as moot.

\
\
\
\
\
\
\
\

---

[48] AS 21.03.010(a).

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 12 of 13

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Ingaldson & Fitzgerald's Motion for Partial Summary Judgment at Docket 30 is GRANTED. ALPS is not entitled to reimbursement of the cost of independent counsel that ALPS provided to IF in the underlying suit.

2. Ingaldson & Fitzgerald's Motion to Strike at Docket 54 is DENIED as moot.

3. Ingaldson & Fitzgerald's Request for Oral Argument at Docket 55 is DENIED as moot.

DATED at Anchorage, Alaska this 21st day of December, 2012.

*/s/ Sharon L. Gleason*
United States District Judge

3:11-cv-00187-SLG, *ALPS v. IF*
Order Granting Defendant's Motion for Partial Summary Judgment
Page 13 of 13